IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RICHARD PARIS, an individual, | ) | CIVIL NO. 12-00144 JMS/RLP |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING PLAINTIFF |
| | ) | RICHARD PARIS' MOTION TO |
| vs. | ) | DISMISS COUNTERCLAIM, |
| | ) | FILED APRIL 9, 2012 |
| CARBON BIO-ENGINEERS INC., a | ) | |
| Hawaii corporation; MICHAEL | ) | |
| LURVEY, an individual, and DOES 1- | ) | |
| 10, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER GRANTING PLAINTIFF RICHARD PARIS' MOTION TO DISMISS COUNTERCLAIM, FILED APRIL 9, 2012

## I. INTRODUCTION

On March 12, 2012, Plaintiff Richard Paris ("Plaintiff") filed this

diversity action against Defendants Carbon Bio-Engineers Inc. ("CBE") and

Michael Lurvey ("Lurvey") (collectively, "Defendants").  Plaintiff asserts claims

for breach of contract, breach of fiduciary duty, and unjust enrichment based on his

allegedly unlawful discharge as Chief Executive Officer ("CEO") of CBE, a

company in the business of developing and marketing a "green" technology for

waste disposal.  On April 9, 2012, Defendants filed an Answer and Counterclaim,

which asserts that Plaintiff misrepresented his educational and business

qualifications and was unable to carry out his duties as CEO.

Currently before the court is Plaintiff's Motion to Dismiss the Counterclaim for failure to comply with Federal Rules of Civil Procedure 8, 9(b), and 12(b)(6).  Based on the following, the court finds that Defendants have failed to assert plausible claims for relief against Plaintiff and therefore GRANTS Plaintiff's Motion to Dismiss, with leave for CBE to file an Amended Counterclaim.

## II.  <u>BACKGROUND</u>

On March 12, 2012, Plaintiff filed his Complaint asserting the following factual allegations:[1]

In 2009, Plaintiff entered into a contract to assist Lurvey in forming CBE, a company that would develop and exploit certain "green" technology using a Lurvey-developed system called the Thermal Conversion of Organic Material System (the "TCOM System").  Doc. No. 1, Compl. ¶ 11.  The parties formed CBE, and on October 23, 2009, Plaintiff entered into a contract with CBE making him CEO.  *Id.* ¶ 13.  On February 12, 2010, Lurvey transferred ownership in the TCOM System to CBE and entered into a Consulting Agreement whereby he

---

[1]  Because the focus of the Motion to Dismiss is the Counterclaim and not the Complaint, the court outlines the allegations of the Complaint for the purpose of providing context for the parties' dispute.

agreed to work exclusively for, and not compete with, CBE. *Id.* ¶¶ 13-14.

In the fall of 2011, Plaintiff was in the final stages of bringing in several large customers to CBE when Lurvey began to obstruct these deals and attempt to transfer the rights to the TCOM system to another company for his own benefit. *Id.* ¶¶ 15-19. When Plaintiff raised Lurvey's misconduct with CBE's Board, it refused to take any action and ultimately terminated Plaintiff without paying his salary or offering him stock options as required under his employment contract. *Id.* ¶¶ 20-30. Based on these allegations, Plaintiff asserts claims for breach of contract, breach of fiduciary duty, and unjust enrichment.

On April 9, 2012, Defendants filed a Counterclaim, which includes the following factual allegations:

> (1)    In applying for and obtaining employment with Defendants Plaintiff Paris materially misrepresented his educational and business qualifications and experience knowing and intending that the Defendants would rely and did rely upon those misrepresentations to their detriment and injury;
>
> (2)    Plaintiff Paris breached his fiduciary duties and obligations to Defendants by applying for and assuming employment responsibilities after failing to accurately and honestly provide his educational and business qualifications to the Defendants;
>
> (3)    Due to his lack of sufficient educational and business qualifications Plaintiff Paris failed and refused and was incapable of carrying out the responsibilities of his employment to the detriment and injury of Defendants.

3

Doc. No. 7-1, Counterclaim ¶¶ 1-3.

On April 27, 2012, Plaintiff filed his Motion to Dismiss Counterclaim. Defendants filed an Opposition on June 22, 2012, and Plaintiff filed a Reply on July 2, 2012.  Pursuant to Local Rule 7.2(d), the court determines Plaintiff's Motion without a hearing.

### III.  <u>STANDARDS OF REVIEW</u>

**A.      Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).  This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not

4

simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In other words, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Iqbal*, 556 U.S. at 679.

## B.     Rule 8

A complaint must also meet the requirements of Federal Rule of Civil Procedure 8, mandating that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its "true substance, if any, is well disguised" may be dismissed *sua sponte* for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th

Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)); *see also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . ., prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.").

Put differently, a district court may dismiss a complaint for failure to comply with Rule 8 where the complaint fails to provide defendants with fair notice of the wrongs they have allegedly committed.  *See McHenry*, 84 F.3d at 1178-80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); *cf. Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1105 n.4 (9th Cir. 2008) (finding dismissal under Rule 8 was in error where "the complaint provide[d] fair notice of the wrongs allegedly committed by defendants and [did] not qualify as overly verbose, confusing, or rambling").  Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."  *Iqbal*, 556 U.S. at 678 (citations and quotations omitted).

**C.     Rule 9(b)**

Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  "Rule 9(b) requires particularized allegations of the circumstances *constituting* fraud."  *In re GlenFed, Inc. Sec. Litig.,* 42 F.3d 1541, 1547-48 (9th Cir. 1994) (en banc), *superseded on other grounds by* 15 U.S.C. § 78u-4.

In their pleadings, parties must include the time, place, and nature of the alleged fraud; "mere conclusory allegations of fraud are insufficient" to satisfy this requirement.  *Id.* (citation and quotation signals omitted).  However, "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally."  Fed. R. Civ. P. 9(b); *see also In re GlenFed, Inc. Sec. Litig*, 42 F.3d at 1547 ("We conclude that plaintiffs may aver scienter . . . simply by saying that scienter existed."); *Walling v. Beverly Enter.*, 476 F.2d 393, 397 (9th Cir. 1973) (Rule 9(b) "only requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." (citations omitted)).  A motion to dismiss for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6).  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).

## IV. __DISCUSSION__

Plaintiff argues that although the three paragraphs of the Counterclaim appear to assert claims for fraud, breach of fiduciary duty, and breach of contract respectively, they are so vaguely asserted that they fail to state plausible claims for relief.  Plaintiff further argues that Lurvey has no standing to pursue any of these claims.  Doc. No. 13-1, Pl.'s Mot. at 11-12.  In opposition, Defendants argue that CBE has asserted claims for fraud and breach of fiduciary duty, but acknowledge that they currently lack sufficient facts to state a claim against Plaintiff for breach of fiduciary duty and that Lurvey lacks standing to pursue these claims.  *See* Doc. No. 21, Defs.' Opp'n at 2 n.1.

The court GRANTS Plaintiff's Motion to Dismiss as to paragraph two of the Counterclaim without prejudice.  The court further DISMISSES the Counterclaim to the extent it asserts claims by Lurvey.  Because Defendants agree that Lurvey lacks standing to bring such claims, the dismissal as to Lurvey is without leave to amend.  The court further finds that the Counterclaim's assertions for fraud and breach of contract fail to state plausible claims for the following reasons.

///

///

8

## A.     Counterclaim for Fraud

The first Counterclaim, in its entirety, asserts:

In applying for and obtaining employment with Defendants Plaintiff Paris materially misrepresented his educational and business qualifications and experience knowing and intending that the Defendants would rely and did rely upon those misrepresentations to their detriment and injury;

Doc. No. 7-1, Counterclaim ¶ 1.

This wholly conclusory allegation is insufficient to meet Rule 9(b)'s requirement that a party must state with particularity the circumstances constituting the fraud.   Indeed, the Counterclaim fails to include *any* "particularized allegations of the circumstances constituting fraud" such as the time, place, and nature of the alleged fraud.  *See In re GlenFed, Inc. Sec. Litig.*, 42 F.3d at 1547-48. Specifically, although the Counterclaim vaguely asserts that Plaintiff "materially misrepresented his educational and business qualifications and experience," the Counterclaim fails to explain (1) what precise misrepresentations Plaintiff made; (2) to whom Plaintiff made these misrepresentations; (3) when Plaintiff made these misrepresentations; and

(4) precisely how CBE relied upon these misrepresentations to its detriment.

In opposition, Defendants argue that the Counterclaim meets the specificity requirements for a fraud claim because it includes all the requisite

9

elements -- that (1) Plaintiff made false representations, (2) with knowledge of their falsity, (3) in contemplation of CBE's reliance upon the false representations, and (4) CBE did rely upon them.  Doc. No. 21, Defs.' Opp'n at 4-5 (citing *Hawaii's Thousand Friends v. Anderson*, 70 Haw. 276, 286, 768 P.2d 1293, 1301 (1989)).  Defendants' argument only highlights their failure to assert a cognizable claim -- "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to assert a plausible claim for relief under Rule 12(b)(6), *Iqbal*, 556 U.S. at 678, and certainly do not meet the stricter particularity requirements of Rule 9(b).

The court therefore GRANTS Plaintiff's Motion to Dismiss Defendants' first Counterclaim.

## B.      Counterclaim for Breach of Contract

The other Counterclaim, in its entirety, provides:

> Due to his lack of sufficient educational and business qualifications Plaintiff Paris failed and refused and was incapable of carrying out the responsibilities of his employment to the detriment and injury of Defendants.

Doc. No. 7-1, Counterclaim ¶ 3.

Defendants have failed to allege even the basic elements of a breach of contract claim, much less factual allegations to establish the plausibility of such claim.  *See Iqbal*, 556 U.S. at 678 (stating that Rule 8 requires more than

"the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do").  The Counterclaim fails to identify (1) the contract at issue; (2) the parties to the contract; (3) whether CBE performed under the contract; (4) the particular provision of the contract allegedly violated by Plaintiff; (5) when and how Plaintiff allegedly breached the contract; or (6) how Defendants were injured.  *See Velez v. The Bank of N.Y. Mellon*, 2011 WL 572523, at *3 (D. Haw. Feb. 15, 2011) (explaining elements of breach of contract claim); *Otani v. State Farm Fire & Cas. Co.*, 927 F. Supp. 1330, 1335 (D. Haw. 1996) ("In breach of contract actions, [ ] the complaint must, at minimum, cite the contractual provision allegedly violated.  Generalized allegations of a contractual breach are not sufficient.").  The Counterclaim therefore fails to state a plausible claim for breach of contract.

        In opposition, Defendants summarily assert that they "sufficiently allege a claim for breach of contract in alleging that Plaintiff failed, refused, and was incapable of carrying out the duties and terms of his employment with Defendants."  *See* Doc. No. 21, Defs.' Opp'n at 5-6.  This argument merely parrots the language of their Counterclaim and offers no facts explaining how this allegation amounts to a breach of contract.  Defendants' bald assertions that they

11

have stated a claim do not make it so.

The court therefore GRANTS Plaintiff's Motion to Dismiss the Counterclaim for breach of contract.

## C.    Leave to Amend

Defendants request leave to amend the Counterclaim, and in opposition, Plaintiff argues that the court should deny such request because "Defendants have made no showing as to how amendment of their Counterclaim would provide the requisite factual basis to satisfy the pleading requirements of Fed. R. Civ. P. 8 and 9." Doc. No. 25, Pl.'s Reply at 7. And in fact, the court is left in the dark as to how Defendants believe they can amend the Counterclaim, particularly where their first effort in asserting a Counterclaim was so wholly lacking. Yet given that Defendants have had only one opportunity to assert a Counterclaim and now have the benefit of this Order, the court cannot say at this time that granting leave to amend would be futile. This dismissal is therefore with leave to amend, except as to Lurvey's claims against Paris.

## V.  **CONCLUSION**

Based on the above, the court GRANTS Plaintiff's Motion to Dismiss Defendants' Counterclaim. CBE may file an Amended Counterclaim by July 24,

2012.  If CBE fails to file an Amended Counterclaim by July 24, 2012, this action will proceed as to Plaintiff's claims against Defendants only.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, July 9, 2012.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Paris v. Carbon Bio-Engineers, Inc. et al.*, Civ. No. 12-00144 JMS/RLP, Order Granting Plaintiff Richard Paris' Motion to Dismiss Counterclaim, Filed April 9, 2012